| | |
|---|---|
| **CHRISTOPHER THORNTON** | **CIVIL ACTION NUMBER** |
| **VERSUS** | |
| **LOUISIANA DEPT OF PUBLIC SAFETY &CORRECTIONS, JAMES LEBLANC, XYZ INSURANCE COMPANY and MICHAEL GAITER** | **UNITED STATES DISTRICT COURT**<br><br>**MIDDLE DISTRICT OF LOUISIANA** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## COMPLAINT

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### PRELIMINARY STATEMENT

1. This is a civil rights action in which the plaintiff, **CHRISTOPHER THORNTON**, (hereinafter "**THORNTON**", seeks relief for the defendant's violation of his rights secured by the Civil Rights Acts of 1866, and 1871, 42 U.S.C. Section 1983, the rights secured by the Fourth Amendment by the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution, rights secured by the 8th Amendment against cruel and unusual punishment and for rights secured under the laws and Constitution of the State of Louisiana. Plaintiff seeks damages, compensatory and punitive, affirmative and equitable relief, an award of costs and attorney fees and such other further relief as this court deems equitable and just.

### JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Section 1331, 1342 (3) and (4) by this action being an action seeking relief for the violation of the Plaintiffs' constitutional and civil rights. The amount of damages in controversy is in excess of $75,000.00 exclusive of interests and costs.

3. **THORNTON** invokes this Court's pendent jurisdiction over any and all state law claims and causes of action, which derive from the same nucleus of operative facts that give rise to the federally based claims and causes of action.

4. **THORNTON** demands a trial by jury on each and every one of their claims as pled herein.

### VENUE

5. Venue is proper for the United States District Court for the Middle District of Louisiana pursuant to 28 U.S.C. Section 1391 9 (a), (b) and (c).

### PARTIES

6. The Plaintiff, **CHRISTOPHER THORNTON**, is an inmate incarcerated at **DIXON CORRECTIONAL CENTER,** in Jackson, Louisiana which is located in **EAST**

**FELICIANA** Parish. He is currently located at 5568 Highway 68 in Jackson, Louisiana and is under the direct supervision of security at this incarceration facility.

7. Defendant, **LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS** hereinafter "**LDP**", is an administrative agency in and for the **STATE OF LOUISIANA.** The Louisiana Department of Public Safety and Corrections houses inmates. **LDP**, at all times pertinent herein, acted under color of law because **LDP** exercises custodial and supervisory authority over persons in confinement on behalf of the State of Louisiana. **LDP** duty to protect incarcerated persons from cruel and usual punishment which is guaranteed to all citizens by the 8th amendment to the U.S. Constitution and is made applicable to the State of Louisiana by way of the 14th Amendment of The U.S. Constitution. At all times **LDP** is the employer of the defendant correctional officer herein. **LDP** enjoys ultimate supervisory, regulatory, and corrective authority over the correctional officer herein, and bears ultimate personal and vicarious liability for the negligent conduct of the same. Further, Defendant, **LDP** s principal place of business is **504 MAYFLOWER STREET, BATON ROUGE, LA 70802.**

8. Defendant, **JAMES M. LEBLANC,** is the secretary of **LDP**. His address is **7725 GREENWELL STREET, BATON ROUGE, LA 70812.** He is sued in his official capacity.

9. Defendant, **XYZ INSURANCE COMPANY**, is the insurance carrier for **LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS** and had an insurance policy in effect at the time of this incident. After discovery, **XYZ INSURANCE**, will be amending to name the proper party defendant insurance carrier.

10. Defendant, **OFFICER MICHAEL GAITER** (hereinafter "**GAITER**") is an employee of defendant **LDP** and is employed at **LDP**. As such, **GAITER** enjoys formal authority and control over **THORNTON. THORNTON** sues **GAITER** in his individual and official capacity.

### STATEMENT OF FACTS

11. At some point on May 5, 2015, **GAITER,** was working at Our Lady of the Lake Hospital on prison detail. He was responsible for supervising **THORNTON** who was a patient in the hospital but was an inmate in custody.

12. At 2:00 a.m. in the morning **THORNTON** asked to use to the bathroom. **GAITER** then unshackled him and allowed him to go to the restroom. When **THORNTON** turned around **GAITER** was sitting in a chair with his gun unholstered and in his lap.

13.     **GAITER**  then said "I got you now"  and then later said "pull it out and give it to me.".    **THORNTON**   feared for his life and was forced to receive fellatio from **GAITER. THORNTON**  was in fear because **GAITER**  was in a position for authority.

14.     **THORNTON,**  believing that the incident was over got in the bed in an attempt to go to sleep.  However, **GAITER**  had  other plans.  He placed his gun down and began to fellate **THORNTON**  until he ejaculated in his mouth and then he proceeded to show **THORNTON** picture of his family.

15.     Eventually, **THORNTON,**  went to sleep and when he woke up **GAITER**  was gone.  **THORNTON**  then immediately informed the other officer on duty of  what happened.

16.     Eventually **GAITER**   was arrested and charged with aggravated rape and malfeasance in office.

17.     **THORNTON,**  lives in fear of being ostracized in the community in which he lives because he was forced to commit a homosexual act against his will.  More particularly he constantly lives in fear of the next time that he would be sexually abused and raped again.

18.     **GAITER**   has a previous incident that involves inappropriate behavior with a male inmate.

### FIRST CLAIM

42 U.S.C. Section 1983

(Against All Law Enforcement Officials)

19.     **THORNTON** incorporates by reference all allegations set forth in Paragraphs 1 through 17 is fully set forth herein.

20.     By engaging in false arrest, false imprisonment, and cruel and unusual punishment the defendants herein have deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983 and of rights guaranteed by the Fourth, Fifth, Eigth and Fourteenth Amendments of the United States Constitution.

21.     As a direct proximate result of the misconduct and abuse of the authority averred to above, Plaintiff has suffered and continue to suffer from, psychological pain, suffering and mental anguish, and other damages to be more specifically averred at trial.

### SECOND CLAIM

Pendant State Law Claim

(Against all Defendants)

22. Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1-20 as fully set forth herein.

23. On information and belief, the defendant **LSP** failed to effectively screen, hire, train, supervise and discipline **GAITER.**

24. Under the doctrine of respondent superior, the defendant, **LSP** is fully responsible for the acts of the individual employees of same named herein.

25. By the actions described above, the defendants, **LSP**, and **GAITER** have committed the following wrongful acts against the plaintiff, which are tortuous under the law:

   a. Assault;
   b. Sexual battery;
   c. Intentional infliction of emotion distress;
   d. False arrest;
   e. False imprisonment without consent;
   f. Negligent hiring; and
   g. Violation of rights otherwise guaranteed by under state and federal law.

26. The foregoing acts and conduct of the defendants were the proximate cause of the plaintiff's injuries.

**WHEREFORE**, the plaintiff demands the following relief jointly and severely against the all defendants:

   a. Compensatory damages in the amount of $1,000,000.00;
   b. Punitive damages in the amount of $1,000,000.00;
   c. The convening and empanelling of a jury to consider the merits of the claims herein;
   d. The Court to order, pursuant to 42 U.S.C. 1988, the plaintiff is entitled to costs involved in maintaining this action, including attorney's fees.
   e. Such other relief as the court may deem appropriate and equitable.

Dated: April 13, 2016

Respectfully Submitted:

/s/ Shannon L. Battiste_____
**LAW OFF OF SHANNON L. BATTISTE, LLC**
**Shannon L. Battiste**
**Bar Roll Number 30198**
607 North Alexander Avenue
Port Allen, Louisiana  70767
Telephone: (225) 361-0424
Facsimile: (225) 400-9060
email:  attorneybattiste@yahoo.com