UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHRISTOPHER THORNTON                                              CIVIL ACTION

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC
SAFETY & CORRECTIONS, ET AL.                    NO.: 16-CV-00234-BAJ-RLB

RULING AND ORDER

Before the Court is Defendant Secretary James Leblanc's (hereinafter "Defendant") **Motion to Dismiss Pursuant to FRCP Rule 12(b)(6) (Doc. 19)**, seeking to dismiss Plaintiff Christopher Thornton's claims against him for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). The motion is opposed **(Doc. 24)**. Jurisdiction is proper under 28 U.S.C. § 1331. Oral argument is not necessary. For the reasons stated below, Defendant's motion is **GRANTED**.

I.   BACKGROUND

Plaintiff commenced the instant action against Secretary James M. Leblanc, Officer Michael Gaiter, and XYZ Insurance Company on April 13, 2016, seeking damages for alleged violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983 ("Section 1983"). (Doc. 1-2). Plaintiff also brought several claims under state law—asserting Defendant's liability under the doctrine of *respondeat superior* for the actions of codefendant Officer Michael Gaiter—including assault, sexual battery,

1

intentional infliction of emotional distress, false arrest, false imprisonment, negligent hiring, and other abridgements of state and federal rights. (Doc. 16 at p. 4).[1]

Plaintiff, an inmate at Dixon Correctional Center, alleges that on May 5, 2015, he was a patient at Our Lady of the Lake Hospital under the supervision of Officer Gaiter. (*Id.* at ¶ 10). Plaintiff alleges that at approximately 2:00 a.m., he requested to go to the bathroom. (*Id.* at ¶ 11). According to Plaintiff, Officer Gaiter had his service gun removed from the holster and sitting in his lap. (*Id.* at ¶ 11). At that point, Plaintiff alleges that Officer Gaiter said: "I got you now…pull it out and give it to me." (*Id.* at ¶ 12). Plaintiff asserts that, out of fear for his life and given Officer Gaiter's position of authority, he was forced to allow Officer Gaiter to perform various sexual acts on him. (*Id.* at ¶ 12). Further, Plaintiff alleges that when he got back into the hospital bed after using the bathroom, Officer Gaiter placed his gun down and began to perform additional sexual acts on Plaintiff while showing Plaintiff pictures of his family. (*Id.* at ¶ 13). The next morning, Plaintiff states that he immediately notified the replacement duty officer of the night's events. (*Id.* at ¶ 14). According to Plaintiff, Officer Gaiter was later arrested and charged with aggravated rape and malfeasance in office. (*Id.* at ¶ 15). Plaintiff asserts that, because of these alleged events, he lives in fear of being ostracized by the prison community and of being sexually abused and raped again. (*Id.* at ¶ 16).

---

[1] Plaintiff's Original Complaint named as defendants the Louisiana Department of Public Safety and Corrections ("LDP") and Secretary James Leblanc in his official capacity. (Doc. 1 at p. 2). On June 1, 2016, Defendants James LeBlanc and LDP filed a Motion to Dismiss (Doc. 10), asserting Plaintiff's inability to sue because of their Eleventh Amendment immunity. Thereafter, in response to LDP and Secretary LeBlanc's motion, Plaintiff filed a Motion for Partial Dismissal (Doc. 13), seeking to dismiss LDP from the lawsuit. Plaintiff also amended his complaint (Doc. 16), wherein he omitted all previous claims against LDP and named Defendant James LeBlanc in his individual capacity. (Doc. 16 at p. 2).

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). Hence, a complaint need not set out "detailed factual allegations," but something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is required. *Twombly*, 550 U.S. at 555.

Further, the United States Supreme Court has noted that Rule 12(b)(6) requires dismissal whenever a claim is based on an invalid legal theory:

> Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory, or on a close but ultimately unavailing one.

*Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (internal citations omitted). When a complaint fails to satisfy these principles, "this basic deficiency should be exposed at

the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. DISCUSSION

### A. 42 U.S.C. § 1983 Claims

Plaintiff has alleged the violation of various constitutional rights and seeks to hold Defendant liable as supervisor of Officer Gaiter.[2] Specifically, Plaintiff seeks to impose both vicarious and individual liability on Defendant because of his supervisory role as Secretary of the Louisiana Department of Public Safety and Corrections. (Doc. 16 at p. 3). It is an established principle of law that "[s]upervisory officials cannot be held liable under section 1983 for the actions of subordinates … on any theory of vicarious or respondeat superior liability." *Thompkins v. Belt*, 828 F.2d 298, 303 (5th Cir. 1987). As such, any attempt to hold Defendant vicariously liable under Section 1983 must fail.

However, Plaintiff can establish Defendant's individual liability under Section 1983 by demonstrating that Defendant's personal failure to effectively screen, hire, train, supervise and discipline Officer Gaiter resulted in a deprivation of Plaintiff's constitutional rights. To do this, Plaintiff must show "(1) [Secretary LeBlanc's]

---

[2] Plaintiff's Amended Complaint is actually unclear as to what Plaintiff believes is the exact nature of Defendant's involvement in the underlying actions. Specifically, Plaintiff asserts that "[b]y engaging in false arrest, false imprisonment, and cruel and unusual punishment the defendants herein have deprived Plaintiff of his rights, remedies, privileges, and immunities guaranteed to every citizen of the United States…" (Doc. 16 at ¶ 19). This claim is directed at all defendants. Because Plaintiff does not allege Defendant's direct involvement in the constitutional violation, the Court analyzes Defendant's alleged actions under the theories of liability asserted in connection with Plaintiff's state law claims, that is, that of respondeat superior and Defendant's individual failure to effectively screen, hire, train, supervise and discipline Officer Gaiter. (Doc. 16 at ¶¶ 22, 23).

personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the [Secretary LeBlanc's] wrongful conduct and the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). Because Plaintiff does not allege Defendant had any personal involvement in the constitutional deprivation, Plaintiff must demonstrate causation by showing that: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Smith v. Brenoesttsy*, 158 F.3d 908, 911–12 (5th Cir. 1998).

"'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Board of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997) (citing *City of Canton v. Harris*, 489 U.S. 378 (1989)). To demonstrate deliberate indifference, a plaintiff must show: "(1) a pattern of similar violations; (2) that the inadequacy of the training was obvious; and (3) that the inadequacy of the training was obviously likely to result in a constitutional violation." *Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). Proof of more than a single instance of the lack of training or supervision causing a violation of constitutional rights is normally required before such lack of training or supervision constitutes deliberate indifference. *Snyder v. Trepagnier*, 142 F.3d 791, 798–99 (5th Cir. 1998) (generally requiring that a plaintiff demonstrate at least a pattern of similar violations); *Thompkins*, 828 F.2d at 304–305.

A review of the pleadings reveals that Plaintiff has not established a plausible individual claim against Defendant under Section 1983. Not only has Plaintiff failed to allege any facts showing that Defendant failed to supervise or train Officer Gaiter, but Plaintiff does not even furnish allegations demonstrating that Officer Gaiter's alleged unconstitutional violations stemmed from—or are causally linked to—inadequate training, or that any inadequate training was likely to result in a constitutional violation. Rather, Plaintiff merely offers the conclusory assertion that Defendant LeBlanc is liable for the constitutional violations listed in the Amended Complaint. Even taking all of Plaintiff's assertions as true, Plaintiff fails to connect the alleged failure to supervise with the alleged constitutional violations that occurred while he was under the supervision of Officer Gaiter.

Assuming, *arguendo*, Plaintiff's ability to show that Defendant failed to screen, supervise and discipline Officer Gaiter, and that such failure caused the alleged constitutional violation, Plaintiff is unable to demonstrate that Defendant's failure to supervise amounted to deliberate indifference. The pleadings contain no factual assertions that any failure on the part of Defendant is indicative of a pattern of inadequate supervision and discipline, or that any potential repetitive lapse in training was obviously likely to result in a constitutional violation. Plaintiff merely passively alleges that "[Officer] Gaiter has a previous incident that involves inappropriate behavior with a male inmate," (Doc. 16 at ¶ 17), and asserts that this allegation alone is the "factual enhancement necessary" to avoid dismissal under Rule 12(b)(6). (Doc. 24 at p. 3). However, this single previous incident is not sufficient to

establish a pattern of similar violations and therefore is not enough to show deliberate indifference. *See Trepagnier*, 142 F.3d at 798–99.

As previously noted, a plaintiff suing governmental officials in their individual capacities must allege specific conduct giving rise to a constitutional violation. *Anderson*, 184 F.3d at 443. This standard requires "more than conclusory assertions;" a plaintiff must allege specific facts giving rise to a constitutional violation. *Baker*, 75 F.3d at 195. Plaintiff's pleading is limited to conclusory allegations of supervisor liability. Because of this, Plaintiff's claims against Defendant in his individual capacity must be dismissed for failure to state a claim for relief.

### B. State Law Claims

In addition to his Section 1983 claims, Plaintiff brought several state law claims, including assault, sexual battery, intentional infliction of emotional distress, false arrest, false imprisonment, negligent hiring, and other violations of rights guaranteed under state and federal law. (Doc. 16 at ¶ 24). In pursuit of these claims, Plaintiff seeks to invoke the Court's pendent jurisdiction under 28 U.S.C. § 1367. (Doc. 16 at ¶ 2).

A district court may decline to exercise supplemental jurisdiction if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c); *Pierce v. Hearne Indep. Sch. Dist.*, 600

F. App'x 194, 201 (5th Cir. 2015). Where all federal claims have been dismissed, there is "a powerful reason to choose not to continue to exercise jurisdiction." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988).

Because the Court has determined that Plaintiff's federal law claims against Defendant under Section 1983 shall be dismissed, the Court declines to exercise supplemental jurisdiction over the Plaintiff's pendent state law claims.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant Secretary James LeBlanc's **Motion to Dismiss Pursuant to FRCP Rule 12(b)(6) (Doc. 19)** is **GRANTED**. Plaintiff's 42 U.S.C. § 1983 claims against Defendant Secretary James LeBlanc are **DISMISSED WITH PREJUDICE**. This Court declines jurisdiction over any pendent state law claims, and those claims are **DISMISSED WITHOUT PREJUDICE**.

Baton Rouge, Louisiana, this 27th day of September, 2016.

_____
**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**